**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 14-2055
_____

LISA COVINGTON, as Personal Representative of the Estate of Otis
Garnes, Deceased; MARQUISE GARNES; JOYCE GARNES; MARVIN GARNES;
ARNETTA HUDSON; DELORSE ALCINDOR; LINDA EDWARDS,

     Plaintiffs – Appellants,

  and

OTIS GARNES,

     Plaintiff,

    v.

MCIC, INC., Its Remaining Director Trustees, Robert I.
McCormick, Elizabeth McCormick and Patricia Schunk; GENERAL
ELECTRIC COMPANY; WALLACE & GALE ASBESTOS SETTLEMENT TRUST,
Successor to the Wallace & Gale Company; SB DECKING, INC.; WAYNE
MANUFACTURING COMPANY,

     Defendants – Appellees,

  and

OWENS-ILLINOIS GLASS CO., f/k/a Owens-Illinois, Incorporated;
DURABLA MANUFACTURING COMPANY; UNIVERSAL REFRACTORIES COMPANY;
SELBY, BATTERSBY & COMPANY; A.W. CHESTERTON COMPANY; CBS
CORPORATION, f/k/a Westinghouse and B. F. Sturtevant; PREMIER
REFRACTORIES, f/k/a J.H. France Refractories Company; THE
GOODYEAR TIRE & RUBBER CO.; RHI REFRACTORIES AMERICA, f/k/a RHI
AG; METROPOLITAN LIFE INSURANCE CO.; H.B. FULLER COMPANY, f/k/a
Amchem Products, Inc., f/k/a Benjamin Foster; INTERNATIONAL
PAPER CORPORATION, f/k/a Champion International Corporation,
f/k/a U.S. Plywood Corp. & Champion Papers, Inc.; COOPER
INDUSTRIES, INC., Individually and as Successors in Interest to
Crouse Hinds Co; UNION CARBIDE CORPORATION; FERRO ENGINEERING,
Division of Oglebay Norton Co.; FOSECO, INC.; GARLOCK SEALING
TECHNOLOGIES LLC; SQUARE D COMPANY, Individually and as

Successor in Interest to Electric Controller and Manufacturing Co; GREEN, TWEED & CO., Individually and as Successor in Interest to Palmetto Inc.; E.L. STEBBING & CO., INC.; HAMPSHIRE INDUSTRIES, INC., f/k/a John H. Hampshire Company; CERTAINTEED CORPORATION, Individually and as Successor to Bestwall Gypsum Co.; KAISER GYPSUM COMPANY, INC.; BAYER CROPSCIENCE, INC., Individually and as Successor In Interest to Benjamin Foster Co., Amchem Products, Inc. H.B. Fuller Co., Aventis Cropscience USA, Inc., Rhone-Poulenc AG Company, Inc., Rhone-Poulenc, Inc. and Rhodia, Inc.; PFIZER CORPORATION; GENERAL REFRACTORIES COMPANY; KOPPERS COMPANY, INC.; HONEYWELL INTERNATIONAL, INC., f/k/a Allied Signal, Inc., Successor to Bendix Corporation; DITCH BOWERS & TAYLOR, INC.; TPC CORP., Individually and as Successor in Interest to Wareheim Air Brakes; WAREHEIM AIR BRAKES, INC.; WESTINGHOUSE AIR BRAKE TECHNOLOGIES CORPORATION; PNEUMO-ABEX CORPORATION, Successor in Interest to Abex Corporation; GL&V DORR-OLIVER INCORPORATED, Individually and/or as Successors in Interest to Keeler Boiler Works and Dorr-Oliver Boiler Co.; AMERICAN STANDARD, INC., Individually and as Succesor in Interest to Kewanee Boiler Manufacturing Co., Westinghouse Air Brake Company and Union Switch & Signal; CRANE CO., Individually and as Successor-in-Interest to Chapman Valve Co., Deming Pumps, Cochrane Corp., Cochrane, Inc., Crane Pumps and Pacific Steel Boiler Co; GEORGIA PACIFIC CORPORATION; UNIROYAL, INC.; AMCHEM PRODUCTS, INC.; ANCHOR PACKING COMPANY; ALLITE GASKETS; FLEXITALLIC GASKET CO., INC.; MELRATH GASKET, INC.; PARAMOUNT PACKING & RUBBER CO.; PHELPS PACKING & RUBBER CO.; WORTHINGTON PUMP, INC., f/k/a Dresser Pump Division; WAYNE MANUFACTURING CORPORATION; DANA CORPORATION; BABCOCK & WILCOX COMPANY; CROKER, INCORPORATED; NATIONAL GYPSUM COMPANY; QUIGLEY COMPANY, INC., a Subsidiary of Pfizer, Inc.; WARREN PUMPS, INC.; ALFA LAVAL, INC., Individually and as Successor-in-Interest to Sharples, Inc., Alfa Laval Separation, Inc. and DeLaval Separator Co.; ALLIS CHALMERS; DRESSER-RAND CO., f/k/a Terry Turbines, Individually and as Parent Corporation and Successor-in-Interest to Terry Steam Turbines; FMC CORPORATION, individually and Successor-in-Interest to Peerless Pumps and Stearns Electric Co.; I.M.O. INDUSTRIES, INC., f/k/a DeLaval Turbine, Inc., f/k/a Delaval, Inc., f/k/a IMP Delaval, Inc., Individually and as Successor-in-Interest to DeLaval Turbine, Inc. and Warren Pumps, Inc; MCGRAW EDISON COMPANY, Individually and as Successor-in-Interest to Worthington Pumps, Worthington Pumps, Inc. and Turbodyne Corp.; FOSTER WHEELER LLC; FOSTER WHEELER ENERGY CORPORATION; HOPEMAN BROTHERS, INC.,

    Defendants,

v.

JOHN CRANE INCORPORATED,

Third Party Defendant.

_____

Appeal from the United States District Court for the District of Maryland, at Baltimore. George L. Russell, III, District Judge. (1:12-cv-00461-GLR)

_____

Argued: December 9, 2015                    Decided: January 5, 2016

_____

Before KING, SHEDD, and THACKER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**ARGUED:** Harry Goldman, Jr., Robert Gordon Skeen, SKEEN, GOLDMAN, LLP, Baltimore, Maryland, for Appellants. Mitchell Y. Mirviss, VENABLE LLP, Baltimore, Maryland; David William Allen, GOODELL, DEVRIES, LEECH & DANN, LLP, Baltimore, Maryland; Frank Ford Loker, Jr., MILES & STOCKBRIDGE, P.C., Baltimore, Maryland; Louis Eberhardt Grenzer, Jr., BODIE, DOLINA, HOBBS, FRIDDELL & GRENZER, P.C, Towson, Maryland; Donald Stephen Meringer, MERINGER, ZOIS & QUIGG, LLC, Baltimore, Maryland, for Appellees. **ON BRIEF:** John Amato, IV, GOODMAN, MEAGHER & ENOCH, LLP, Baltimore, Maryland, for Appellants. Theodore F. Roberts, Scott M. Richmond, VENABLE LLP, Towson, Maryland; David J. Quigg, MERINGER, ZOIS & QUIGG, LLC, Baltimore, Maryland; Derek P. Roussillon, MILES & STOCKBRIDGE, P.C., Baltimore, Maryland; Terri Goldberg, Aaron L. Moore, GOODELL, DEVRIES, LEECH & DANN, LLP, Baltimore, Maryland, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

The estate of Otis Garnes, along with his eight surviving children, appeal the district court's grant of summary judgment for defendants MCIC Inc. ("MCIC"), General Electric Corporation ("GE"), Wallace and Gale Asbestos Settlement Trust ("Wallace and Gale"), SB Decking Inc. ("SB Decking"), and Wayne Manufacturing Company ("Wayne"). Finding no reversible error, we affirm.

Otis Garnes died of lung cancer in 2005 at the age of 83. In 2008, the appellants filed this wrongful death suit in Maryland state court against 63 companies, alleging that Garnes' lung cancer was caused in part by exposure to asbestos-containing products sold or installed by those companies. The case was removed to federal court. Over time, the appellants voluntarily dismissed or consented to summary judgment for 58 defendants, leaving only the five appellees. The district court granted summary judgment for each of the five appellees.

Federal Civil Procedure Rule 56(a) provides that the district court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." On a motion for summary judgment, we view "all facts and reasonable inferences in the light most favorable to the non-moving party." Dulaney v. Packaging Corp. of America, 673 F.3d 323, 330 (4th Cir. 2012). We review a summary judgment order de novo. Lee

4

Graham Shopping Ctr., LLC v. Estate of Kirsch, 777 F.3d 678, 681 (4th Cir. 2015).

The district court held that the appellants failed to provide evidence of exposure to any products manufactured or installed by MCIC, Wallace and Gale, SB Decking, or GE sufficient to meet the "frequency, regularity, and proximity" test for substantial-factor causation in Maryland negligence cases alleging asbestos exposure. See Eagle-Picher Indus., Inc. v. Balbos, 326 Md. 179, 210 (Md. 1990); Lohrmann v. Pittsburgh Corning Corp., 782 F.3d 1156, 1162 (4th Cir. 1986). Because the appellants could not meet that test, their claims failed as a matter of law.

The district court further held that the plaintiffs failed to raise a genuine dispute as to whether Wayne is subject to personal jurisdiction. The court found that Wayne, a Virginia corporation, did not have sufficient "minimum contacts" with Maryland to permit an exercise of personal jurisdiction consistent with the due process requirements of the Fourteenth Amendment. See Consulting Engineers Corp. v. Geometric Ltd., 561 F.3d 273, 277 (4th Cir. 2009) (A defendant must have "sufficient 'minimum contacts' with the forum state such that 'the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'")(quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)).

5

Having reviewed the record and the applicable law, and having had the benefit of oral argument, we affirm the judgment based on the reasoning of the district court.*

<u>AFFIRMED</u>

---

* The appellants also argue that the district court abused its discretion by denying their Rule 60(b)(1) motion to file an opposition to GE's motion for summary judgment out-of-time. We find that the district court did not abuse its discretion in failing to grant plaintiffs a third extension of time. <u>See</u> <u>Home Port Rentals, Inc. v. Ruben</u>, 957 F.2d 126, 132 (4th Cir. 1992)(explaining that plaintiffs must show that they were not at fault in order to show excusable neglect under Rule 60(b)(1)).